**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

Sxʷnq̓ʔels l Suẃeĉm / Ksukɫiɫmumaɫ
ʼA·k̓aɫmukwaʼits, Incorporated
d/b/a Energy Keepers, Incorporated,
   *A federal corporation wholly owned by*
   *the Confederated Salish and Kootenai*
   *Tribes*
110 Main Street #304
Polson, MT 59860

     Plaintiff,

v.

HYPERBLOCK LLC
   *A Delaware limited liability company*
   140 Yonge Street, Suite 209
   Toronto, ON M5C 1X6

PROJECT SPOKANE LLC
   *A Colorado limited liability company*
   5619 DTC Parkway 475
   Greenwood Village, CO 80111

SEAN WALSH
   *Controlling Member of Hyperblock LLC*
   *and Project Spokane LLC*
   151 Calle San Francisco, Suite 200
   San Juan, PR
   USA

**Case No. 9:20-cv-00076-DWM**

**VERIFIED AMENDED
COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

**JURY DEMANDED**

1

# COMPLAINT

Plaintiff, Sxʷnq̓ʔels l Suẇeč̓m / Ksukⱡiⱡmumaⱡ ’A·k̓aⱡmukwa’its, Incorporated d/b/a Energy Keepers, Incorporated, for its Complaint against the above-named Defendants, alleges as follows:

## GENERAL NATURE OF THE ACTION

1.      This is an action brought by Sxʷnq̓ʔels l Suẇeč̓m / Ksukⱡiⱡmumaⱡ ’A·k̓aⱡmukwa’its, Incorporated d/b/a Energy Keepers, Incorporated ("EKI") to recover damages from Defendants' breach of their obligations to EKI under a Master Electric Sales Agreement (the "MESA") and Confirmation Letters for the sale of electric power to a cryptocurrency mining operation in Bonner, Montana that was run by Project Spokane LLC, Hyperblock LLC, and Sean Walsh.  Count I asserts that Hyperblock LLC breached its electric power services contract with EKI.  Counts II and III assert that Project Spokane LLC and Sean Walsh are liable under a veil piercing theory because they controlled Hyperblock LLC and abused the corporate form by forcing it to be perpetually undercapitalized by diverting Hyperblock LLC's assets to Project Spokane LLC (of which Sean Walsh is the sole member) and directly to Sean Walsh.  EKI seeks contract damages and associated injunctive relief necessary to prevent Hyperblock LLC, Project Spokane LLC, and Sean Walsh from frustrating EKI's efforts to collect the amounts owed to it under its contract with Hyperblock LLC.

## **PARTIES**

2.      EKI is a federally-chartered corporation that is wholly owned by the Confederated Salish and Kootenai Tribes of the Flathead Reservation ("CSKT"), a treaty sovereign Indian Tribe established pursuant to Section 16 of the Indian Reorganization Act.  EKI was chartered by the United States Department of the Interior pursuant to Section 17 of the Indian Reorganization Act.  EKI is a co-licensee of the Séliš Ksanka QÍispé Project.  EKI's principal place of business is on the Flathead Indian Reservation in Montana.

3.      Hyperblock LLC is a limited liability company organized under the laws of Delaware.  The members of Hyperblock LLC are Sean Walsh and Hyperblock, Inc.  Hyperblock, Inc. is a Canadian corporation with principal place of business in Toronto, Canada.

4.      Project Spokane LLC is a limited liability company organized under the laws of Colorado.  Sean Walsh is the sole member of Project Spokane LLC.

5.      Sean Walsh is an individual believed to reside in Puerto Rico.  He is the sole member and manager of Project Spokane LLC and, until days ago, the Chief Executive Officer and controlling member of Hyperblock LLC and the Chief Executive Officer, Chairman, and shareholder of Hyperblock, Inc.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over this matter under 28 U.S.C. § 1332 (diversity jurisdiction).  The parties to this action are citizens of different states, and the amount in controversy exceeds the statutory requirement.

7.     Venue is appropriate in the District Court for the District of Montana pursuant to 28 U.S.C. §§ 1391(b)(2) and (g).

## STATEMENT OF FACTS

### *The Master Electric Sales Agreement*

8.     On July 21, 2016, EKI and Project Spokane LLC entered into the Master Electric Sales Agreement (the "MESA"), whereby EKI agreed to sell electric energy to Project Spokane LLC, and Project Spokane LLC agreed to buy electric energy.  The MESA is included as Exhibit A to this Complaint.

9.     The MESA provided the terms governing the relationship between EKI and Project Spokane LLC; additional terms of each sales transaction as to the quantity of electricity to be delivered, the price, delivery point, and term of the transaction would be negotiated and memorialized in a Confirmation.  Together, the MESA and Confirmation are the Contract for each transaction.  After signing the MESA on July 21, 2016, EKI and Project Spokane entered into a number of Contracts for sale of electricity.

10.     The MESA sets out that invoices will be sent for each calendar month and are due on the 20th day of the month in which the invoice is received or on the 10th day after receipt of the invoice.  MESA § 9.A-C.

11.     The MESA provides available remedies in the event of a default.  The MESA defines an "Event of Default" as including "[t]he failure to make, when due, any payment required pursuant to this Agreement or any Confirmation, if such failure is not remedied within three (3) local business days after the Non-Defaulting Party issues a written notice of such failure to the Defaulting Party."  MESA § 6.A.

12.     If an Event of Default is not remedied, "the Non-Defaulting Party, upon writing notice to the Defaulting Party, shall have the right to . . . suspend performance of the transactions under this Agreement and any Confirmation . . . ."  Such suspension can continue for up to 10 business days.  MESA § 6.B.i.

13.     "If an Event of Default shall have occurred and be continuing, the Non-Defaulting Party shall have the right to terminate [the] Agreement and any Confirmations by issuing a notice of early termination to the Defaulting Party, which notice shall designate a day, no earlier than the day that the notice is issued and no later than twenty (20) days after the notice is issued, as the early termination date ('Early Termination Date')."  MESA § 6.B.ii.

14.    "As soon as practical after issuing the Notice of Early Termination, the Non-Defaulting Party shall calculate, in a commercially reasonable manner, the settlement amount ('Settlement Amount') for each Terminated Transaction as of the Early Termination Date."  MESA § 6.B.iii.

15.    The Non-Defaulting Party shall also "calculate the termination payment due to or from the Non-Defaulting Party ('Termination Payment')," MESA § 6.B.iv, and "notify the Defaulting Party of the amount of the Termination Payment."  MESA § 6.B.v.

16.    After notice of the Termination Payment is provided, "the Defaulting Party shall make payment of the Termination Payment to the Non-Defaulting Party within two (2) local business days after receiving the Notice of Termination Payment."  MESA § 6.B.vi.

17.    "If the Defaulting Party disputes the Non-Defaulting Party's calculation of the Termination Payment, in whole or in part, the Defaulting Party shall, within two (2) local business days after receiving the Notice of Termination Payment, provide to the Non-Defaulting Party a detailed written explanation of the basis for each dispute; provided, however that if the Termination Payment is due from the Defaulting Party, the Defaulting Party shall first transfer performance assurance . . . to the Non-Defaulting Party in an amount at least equal to the Termination

Payment." MESA § 6.B.vii. The MESA provides a mechanism for resolving any dispute as to the amount of the Termination Payment. MESA § 8.

18.  The MESA provides that interest charges shall apply to any payments not made on or before the due date at the rate equal to 200 basis points above the per annum prime Rate reported daily in the Wall Street Journal. MESA § 9.

### *Sean Walsh's Interrelated Web of Companies*

#### *Sean Walsh Establishes Project Spokane LLC and Begins Mining Cryptocurrency in Bonner, Montana*

19.  Sean Walsh, the controlling member of Project Spokane LLC, has been involved in cryptocurrency businesses since at least 2014. In 2008, Sean Walsh founded and was the sole member of Aquifer International Commerce, LLC, established under the laws of California. (Mr. Walsh later converted Aquifer International Commerce, LLC to a corporation—Aquifer International Commerce, Inc.) Upon information and belief, Aquifer engaged in cryptocurrency mining in California. Aquifer filed for bankruptcy nine months after beginning cryptocurrency mining, although the case was dismissed. Upon information and belief, Aquifer and Mr. Walsh never paid amounts due to Aquifer's landlord for rent or power used to mine cryptocurrency at their California location.

20.  In 2016, Mr. Walsh founded Project Spokane LLC, a Colorado limited liability company primarily engaged in cryptocurrency businesses.

21.  In July 2016, Project Spokane LLC signed the MESA with EKI.

22.     On October 4, 2016, Project Spokane LLC signed its first Confirmation with EKI for delivery of electricity for the period of October 5, 2016 through December 31, 2016.  Sean Walsh signed the Confirmation as "Member" for Project Spokane LLC.

23.     On February 23, 2017, Project Spokane LLC signed another two Confirmations with EKI for delivery of electricity for the period from May 1, 2017 through August 31, 2017 and for additional delivery of electricity for the period from May 1, 2017 through August 31, 2019, respectively.  Sean Walsh signed the Confirmation Letters as "Member" for Project Spokane LLC.

24.     The three main costs of cryptocurrency mining are the costs for purchasing servers, leasing physical space, and obtaining energy to power the servers and related equipment.  A source of inexpensive energy has been identified by Sean Walsh in numerous public statements as the key to maintaining a cryptocurrency mining operations' competitiveness and profitability.

25.     EKI provided a reliable and inexpensive source of energy for Sean Walsh's companies' cryptocurrency mining operations at the Bonner, Montana facility.  The inexpensive reliable energy delivered by EKI pursuant to the MESA allowed Sean Walsh's cryptocurrency mining operations to be profitable.

*Sean Walsh Forms Hyperblock LLC as Part of a Complex Corporate Transaction*
*that Undercapitalized Hyperblock LLC and Diverted Revenue from the*
*Cryptocurrency Mining Operations for his own Personal Gain*

26.     Sean Walsh incorporated Hyperblock Technologies Inc., a Canadian corporation, under the Ontario Business Corporations Act on October 10, 2017.

27.     Beginning in late 2017, Hyperblock Technologies Inc. / Hyperblock LLC began their combination with Project Spokane LLC.  At that time, Sean Walsh controlled Hyperblock Technologies Inc. and Project Spokane LLC, and would soon form Hyperblock LLC.

28.     On November 29, 2017, HyperBlock Technologies Inc. entered into a sale agreement with Project Spokane LLC, pursuant to which Hyperblock LLC agreed to purchase certain servers used for mining cryptocurrency from Project Spokane LLC for $5,500,000.  Under that sale agreement, Project Spokane LLC also agreed to provide hosting services to Hyperblock Technologies Inc.

29.     On December 18, 2017, Hyperblock Technologies Inc. and Project Spokane LLC amended the November 29, 2017 sale agreement, whereby Hyperblock Technologies Inc. agreed to purchase additional servers used for mining cryptocurrency from Project Spokane LLC for an additional $1,000,000 due on signing and an additional $3,000,000 due to Project Spokane LLC upon execution of Hyperblock LLC's acquisition of Project Spokane LLC.  The

November 29, 2017 sale agreement, as amended by the December 18, 2017 sale agreement closed on December 19, 2017.

30.     On December 18, 2017, Hyperblock Technologies Inc. and Project Spokane LLC entered into a colocation facilities agreement, which included joint hosting services and service orders.  The colocation agreement granted Hyperblock Technologies Inc. a revocable license to operate the computer equipment, software, hardware, and other materials that Hyperblock Technologies Inc. had purchased from Project Spokane LLC and located at Project Spokane LLC's facility on Bonner, Montana.  Hyperblock Technologies Inc. advanced monthly fees of $141,000 to Project Spokane LLC under the colocation agreement.

31.     Hyperblock Technologies Inc. eventually purchased $9,648,055 of cryptocurrency mining equipment from Project Spokane LLC and paid server hosting fees of $238,547 to Project Spokane LLC under the colocation agreement, through February 28, 2018.

32.     Sean Walsh formed Hyperblock LLC, a limited liability company organized under the laws of Delaware, on December 29, 2017.

33.     On January 7, 2018, Hyperblock LLC entered into an agreement with Project Spokane LLC and Sean Walsh to acquire the assets and liabilities of Project Spokane LLC.  At the time, Sean Walsh was the controlling member of Project Spokane LLC and the Chief Executive Officer of Hyperblock Technologies

10

Inc.  The aggregate purchase price for Project Spokane LLC was $65,947,720.65 in cash, promissory notes, and shares in a new entity, Hyperblock, Inc. (which was to be formed via a corporate merger between Hyperblock Technologies Inc. and another cryptocurrency corporation).

34.    On July 6, 2018, EKI signed a Consent to Assignment of Contracts, agreeing to the assignment of the Contracts to Hyperblock LLC.

35.    On July 10, 2018, Hyperblock LLC, Project Spokane LLC, and Sean Walsh closed on the sale and purchase of Project Spokane LLC's assets and liabilities to Hyperblock LLC.  This transaction was part of a larger corporate transaction whereby Hyperblock, Inc. was formed through the merger of Hyperblock Technologies Inc. and CryptoGlobal Corp., two Canadian corporations.  Sean Walsh became the CEO and Chairman of Hyperblock, Inc., and held over 21% of the outstanding issued stock in Hyperblock, Inc.  Before its acquisition of the Project Spokane assets, Hyperblock LLC had no cash flow or operating results.

36.    As part of the transaction between Hyperblock LLC, Project Spokane LLC, and Sean Walsh, on July 10, 2018 Hyperblock LLC issued a promissory note to Project Spokane LLC in the amount of $5,000,000.  The promissory note was to be paid in installments of at least $450,000 each month, increased by the amount that Hyperblock LLC's working capital exceeded CAD$15,000,000.

37.    On February 7, 2019, Hyperblock LLC signed a Confirmation with EKI for delivery of electricity for the period from September 1, 2019 through September 30, 2022.  Sean Walsh signed the Confirmation Letter as "Chief Executive Officer" for Hyperblock LLC.

38.    In June 2019, Hyperblock, Inc. began shutting down its facilities, and consolidated its most valuable servers and equipment at the Hyperblock LLC facility in Bonner, Montana.

39.    Also in June 2019, Sean Walsh lent $2,000,000 to Hyperblock LLC to purchase and deploy new bitmain servers.  The loan had an interest rate of 15% and was secured by the assets of Hyperblock LLC.

*Hyperblock LLC Stops Paying EKI's Invoices and Sean Walsh Attempts to Obtain Any Remaining Assets of Hyperblock LLC*

40.    Hyperblock LLC stopped paying EKI's invoices beginning with the invoices for electric power delivered during February 2020.  Because EKI and Hyperblock LLC had two Contracts in effect during this time period (one for delivery of electricity and a second for purchase of excess electricity from Hyperblock LLC), it was TEA Solutions' (a company that managed payment on behalf of EKI) practice to send an invoice to Hyperblock LLC for power delivered to Hyperblock LLC and a separate invoice notifying Hyperblock LLC of the amounts due to Hyperblock LLC from EKI.  On March 10, 2020, TEA Solutions on behalf of EKI sent Invoice 106839 (for power delivered to Hyperblock LLC

during February 2020) in the amount of $647,976.00 and Invoice 507625 (for power purchased from Hyperblock LLC during February 2020) in the amount of $202,710.00, resulting in a net payment due from Hyperblock LLC to EKI of $445,266.00.  Payment of Invoice 106839/507625 was due by March 20, 2020. Neither the Defendants—Hyperblock LLC, Project Spokane LLC, Sean Walsh— nor any other of their affiliated companies made a payment for Invoices 106839/507625 by March 20, 2020.  As of May 22, 2020, $3,988.27 of interest had accrued on the February 2020 invoice.

41.     On April 10, 2020, on behalf of EKI, TEA Solutions sent Invoice 107432 (for power delivered to Hyperblock LLC during March 2020) in the amount of $691,443.00 and Invoice 508207 (for power purchased from Hyperblock LLC during March 2020) in the amount of $156,587.25, resulting in a net payment due from Hyperblock LLC to EKI of $534,855.75.  Invoice 107432/508207 was due to be paid by Hyperblock LLC by April 15, 2020.  Neither the Defendants— Hyperblock LLC, Project Spokane LLC, Sean Walsh—nor any other of their affiliated companies paid for the net power delivered to Hyperblock LLC during March 2020.  As of May 22, 2020, $2,390.02 of interest had accrued on the March 2020 invoice.

42.     On April 24, 2020, Project Spokane LLC and Sean Walsh accelerated the maturity date of the promissory notes issued to them in July 2018 and June 2019,

respectively.  Hyperblock, Inc. has reported that Project Spokane LLC has demanded immediate payment of CAD$5,220,000, and Sean Walsh has demanded immediate payment of USD$2,100,000.

43.    On May 7, 2020, Hyperblock LLC submitted a partial payment for the February, 2020 invoices (Invoices 106839/507625) in the amount of $100,000, well short of the total amount invoiced.

44.    On May 8, 2020, EKI sent Invoice 107937 (for power delivered to Hyperblock LLC during April 2020) in the amount of $670,320.00 and Invoice 508670 (for power purchased from Hyperblock LLC during April 2020) in the amount of $151,740.00, resulting in a net payment due from Hyperblock LLC to EKI of $518,580.00.  Invoice 107937/508670 was due to be paid by Hyperblock LLC by May 20, 2020.  Neither the Defendants—Hyperblock LLC, Project Spokane LLC, Sean Walsh—nor any other of their affiliated companies paid for the net power delivered to Hyperblock LLC during April 2020.  As of May 22, 2020, $597.02 of interest had accrued on the April 2020 invoice.

45.    Also on May 8, 2020, EKI sent a Notice of Default and potential Early Termination to Hyperblock LLC.  That letter demanded payment of the past-due invoiced amounts for net power delivered.  Hyperblock LLC failed to pay the amount due.

46.    On May 14, 2020, EKI sent a letter to Hyperblock LLC that it had discontinued service, and also notified Hyperblock LLC that, pursuant to the MESA, "EKI is entitled to payment and damages, which EKI intends to pursue."

47.    On May 20, 2020, EKI provided its final invoice to Hyperblock LLC, Invoice 108058, for $224,602.00 for net electric power delivered to Hyperblock LLC from May 1 through May 13, 2020 in the amount of $224,602.00.  Invoice 108058 was due to be paid by Hyperblock LLC by May 22, 2020.  Neither the Defendants—Hyperblock LLC, Project Spokane LLC, Sean Walsh—nor any other of their affiliated companies paid for the net power delivered to Hyperblock LLC during May 2020.  As of May 22, 2020, $258.58 of interest had accrued on the May 2020 invoice.

48.    On May 20, 2020, EKI sent a Notice of Termination Payment (the "May 20, 2020 Letter") to Hyperblock LLC.  The Termination Payment owed by Hyperblock LLC to EKI is $3,691,604.12, and includes the following components:

      a. $1,555,537.64 for power delivered to Hyperblock LLC between February 1, 2020 and May 14, 2020 for which payment has not been received (including interest accrued through May 22, 2020) calculated as:

|  | Invoice | Interest Through 05.22.2020 |
|---|---|---|
| February 2020 | $ 445,266.00 | $ 3,988.27 |
| March 2020 | $ 534,855.75 | $ 2,390.02 |
| April 2020 | $ 518,580.00 | $ 597.02 |
| May 2020 | $ 224,602.00 | $ 258.58 |
| Sub-Total | $1,723,303.75 | |
| Less: payment | $ 100,000.00 | |
| cash collateral | $ 75,000.00 | |
| Sub-Total | $1,548,303.75 | $7,233.89 |

      b. <u>$2,136,066.48</u> for direct damages resulting from Hyperblock LLC's breach of the contract, including:

         i. The difference in the purchase price in the Contracts between EKI and Hyperblock LLC and the Mid-C Settlement Prices available to EKI on the wholesale energy markets, from May 15, 2020 through the end of the Contract term; and

        ii. The difference in the price of power that Hyperblock LLC was obligated to sell back to EKI under its Contracts and the price that EKI would have received for sale of that energy.

49.    Under the MESA, Hyperblock LLC owes additional interest on all amounts due, calculated daily after May 22, 2020, at the rate of 5.25%, based on the prime rate set by the Wall Street Journal plus 200 basis points, as provided for by MESA § 9.D.

50.     Hyperblock, Inc. filed for bankruptcy in Canada on May 15, 2020 and stated in a press release that the filing was necessitated, in part, because of the discontinuation of electricity service to the Hyperblock LLC facility.

51.     On May 19, 2020, Project Spokane and Sean Walsh announced the intent to sell Hyperblock LLC's assets at public auction, including all of the cryptocurrency mining operations at the Bonner, Montana facility.  The sale is set to occur on June 3, 2020 at 12:00 eastern.  The assets to be sold include various Bitmain servers, an Avalon server, a GPU server, and various other electrical equipment.  The notice also provides that Sean Walsh plans to bid.

## COUNT I: BREACH OF CONTRACT BY HYPERBLOCK LLC

52.     The allegations set forth in paragraphs 1 through 51 are incorporated as though full set forth herein.

53.     Hyperblock LLC owes a contractual obligation to pay the EKI invoices by the 20th day of the month in which they were issued, or by the 10th day after they were received, whichever was later.  MESA § 9.C.  TEA Solutions, on behalf of EKI, sent invoices for net power delivered to Hyperblock LLC for the period from February 1, 2020 through May 13, 2020.  Hyperblock LLC never paid any of these invoices.

54.     Hyperblock LLC's failure to timely pay its outstanding invoices for net power delivered by EKI to Hyperblock LLC was an Event of Default as defined by the MESA § 6.A.i.

55.     EKI sent a Notice of Default to Hyperblock LLC on May 8, 2020, as required by the MESA § 6.B.ii, detailing the amounts due to be paid by Hyperblock LLC and the remedies available to EKI in the event of a default.  The May 8, 2020 letter also notified Hyperblock LLC that unless the Event of Default was remedied by payment of all overdue invoices within three business days, EKI would terminate service.

56.     Hyperblock LLC never fully paid the invoices for electric power delivered between February 1, 2020 and May 14, 2020.

57.     EKI sent a Notice of Termination to Hyperblock LLC on May 14, 2020 as required by the MESA § 6.B.ii.

58.     EKI sent a Notice of Termination Payment to Hyperblock LLC on May 20, 2020 as required by the MESA § 6.B.iv (the "May 20, 2020 Letter").  The termination payment owed by Hyperblock LLC to EKI is $3,691,604.12, plus daily interest of 5.25% until paid.

59.     In the Event of Default that is not cured by the Non-Defaulting Party, the Defaulting Party must pay the amount provided in the Notice of Termination

Payment within two business days.  Hyperblock LLC did not provide EKI with notice that it disputed any part of the Notice of Termination Payment.

60.     Hyperblock LLC's failure to pay the amounts invoiced when due in accordance with the MESA constitutes a breach of contract.

61.     Hyperblock LLC's failure to pay the amount calculated in the Notice of Termination Payment within two business days constitutes a breach of contract.

62.     EKI is entitled to payment for the power delivered to Hyperblock LLC between February 1, 2020 and May 14, 2020, and is entitled to direct actual damages as a result of Hyperblock LLC's breach and for power that was purchased for the remainder of the contract terms, plus interest.

## COUNT II: BREACH OF CONTRACT BY PROJECT SPOKANE LLC (AS THE ALTER EGO OF HYPERBLOCK LLC)

63.     The allegations set forth in paragraphs 1 through 62 are incorporated as though full set forth herein.

64.     Project Spokane LLC is the alter ego of Hyperblock LLC.

65.     Project Spokane LLC signed the MESA with EKI and the Confirmation Letters that set out the detailed terms such as the rates and term of the Contracts with EKI.

66.     Between 2017 and 2018, Hyperblock LLC and Project Spokane LLC melded together to effectively become a single business.  Their affairs are so intertwined that neither has a separate identity.

19

67.     Project Spokane LLC was the original occupant and operator of the Bonner, Montana facility.  Project Spokane LLC was formed in 2017 by Sean Walsh.

68.     In 2017 and 2018, Hyperblock LLC purchased equipment from Project Spokane LLC, entered into a colocation agreement with Project Spokane LLC, and obtained a revocable license from Project Spokane LLC to operate the equipment at Project Spokane LLC's Bonner, Montana facility.

69.     In 2018, Hyperblock LLC, Project Spokane LLC, and Sean Walsh entered into an agreement for Hyperblock LLC to purchase the assets and liabilities of Project Spokane LLC.  Project Spokane LLC continues to exist.

70.     Hyperblock LLC and Project Spokane LLC both have ownership interests in the equipment located at the Bonner, Montana facility.

71.     Hyperblock LLC and Project Spokane LLC service the same clients using the equipment used at the Bonner, Montana facility.

72.     When the Walsh-controlled Hyperblock LLC purchased Walsh's Project Spokane LLC for over $65,000,000, but Project Spokane LLC's pro forma financial statements only showed $11,334,994 in total assets and $6,678,493 in total liabilities for Project Spokane LLC.  The purchase price paid by Hyperblock LLC was out-of-step with the assets and liabilities of Project Spokane LLC.

73.    Sean Walsh is the controlling member of Project Spokane LLC and—until a few days ago—was the controlling member of Hyperblock LLC.

74.    Hyperblock LLC and Project Spokane LLC are engaged in the same business, at the same location, for the same clients.

75.    Project Spokane LLC is the alter ego of Hyperblock LLC.

76.    Project Spokane LLC is liable for all damages owed to EKI for Hyperblock LLC's breach of contract.

### COUNT III: BREACH OF CONTRACT BY SEAN WALSH (AS PROJECT SPOKANE LLC AND HYPERBLOCK LLC ARE HIS ALTER EGOS)

77.    Project Spokane LLC is managed by a manager selected by the company's members.  Sean Walsh is the only member of Project Spokane LLC and is the manager of Project Spokane LLC.  He is solely responsible for the decisions of Project Spokane LLC.

78.    Sean Walsh formed Project Spokane LLC in 2016, Hyperblock Technologies Inc. in October 2017, and Hyperblock LLC in December 2017.

79.    Sean Walsh is the sole member and manager of Project Spokane LLC. He is solely responsible for the decisions of Project Spokane LLC.

80.    When Sean Walsh sold Project Spokane to Hyperblock LLC in July 2019, he had Hyperblock Inc. issue a promissory note with commercially unreasonable terms to Project Spokane LLC.  The July 2019 promissory note

included a 15% quarterly interest rate, required payments of at least $450,000 a month, and further ensured that Hyperblock LLC would never be adequately capitalized by requiring any capital over CAD$15,000,000 to be paid out to Project Spokane LLC.

81.     Sean Walsh intentionally undercapitalized Hyperblock LLC to his own financial benefit.

82.     Sean Walsh has abused the corporate form by setting up Project Spokane LLC to siphon off all of the revenues generated by Hyperblock LLC to Walsh's own financial benefit, while using the companies as a shield to prevent EKI from collecting the amounts due to it under the MESA and Confirmation Letters.

83.     Sean Walsh knew of the cryptocurrency mining rate of his equipment at the Bonner, Montana facility and the price of cryptocurrency during this period. As the CEO of Hyperblock Inc., the largest single shareholder of Hyperblock, Inc., member of Hyperblock LLC, and controlling member and manager of Project Spokane LLC, Sean Walsh was in a position to know and control of the two entities' financial position.

84.     As the CEO of Hyperblock, Inc., the largest single shareholder of Hyperblock, Inc., founder and member of Hyperblock LLC, and controlling member and manager of Project Spokane LLC, Sean Walsh effectively controlled all aspects of operation of the Bonner, Montana facility.

85.    Sean Walsh knew or should have known of the margins between the value of cryptocurrency mined at the Bonner, Montana facility and the costs of that mining.  Mr. Walsh knew or should have known that Hyperblock LLC would be unable to pay its bills to EKI for energy delivered to the Bonner, Montana facility.  Nevertheless, Sean Walsh continued to direct the Bonner, Montana facility to mine cryptocurrency using the energy supplied by EKI.

86.    Hyperblock LLC continued to mine cryptocurrency to Sean Walsh's personal financial benefit during the period from February 1, 2020 through May 14, 2020, when EKI terminated the contract with Hyperblock for failure to pay past-due invoices for delivery of energy to the Bonner, Montana facility.

87.    The day after EKI terminated service to the Bonner, Montana facility, Hyperblock LLC's parent company—Hyperblock, Inc.—filed for bankruptcy. Sean Walsh, through Hyperblock LLC and Project Spokane LLC—kept the cryptocurrency mining operations running even though he would have known that Hyperblock LLC could not pay its bills.  The cryptocurrency mined at the Bonner, Montana facility during this time directly financially benefited Sean Walsh.

88.    On April 24, 2020, Sean Walsh accelerated the maturity date of the promissory note issued by Hyperblock LLC, demanding payment of $2,100,000.

89.    On May 19, 2020, Sean Walsh and Project Spokane LLC announced that they were forcing a public sale of Hyperblock LLC's equipment.  Sean Walsh and

Project Spokane LLC have the right of first refusal to the equipment.  Sean Walsh is also listed as a bidder and could reacquire the assets at the auction—thus perpetuating his cycle of avoiding liability.  Sean Walsh and Project Spokane LLC are attempting to avoid any responsibility for payment of the EKI invoices, while also maintaining the option of acquiring the equipment located at the Bonner, Montana facility to continue mining cryptocurrency for Sean Walsh's financial gain.

90.    Project Spokane LLC and Hyperblock LLC are the alter egos of Sean Walsh.  He has abused the corporate form in a bad faith attempt to avoid his companies' responsibilities to pay for one of the key raw materials used to mine the cryptocurrency.

91.    Sean Walsh abused the corporate form to shield himself from liability for his cryptocurrency mining operations while reaping the financial benefits of those operations.

92.    Sean Walsh caused Hyperblock LLC to continue to consume electric power provided by EKI to generate cryptocurrency for his own financial benefit even after he knew that Hyperblock LLC would not pay for that electric power.

93.    Sean Walsh diverted capital assets of Hyperblock LLC to Project Spokane LLC (of which he was the sole member) and to himself, causing

Hyperblock LLC to be perpetually undercapitalized to the detriment of Hyperblock LLC and its creditors.

94.   Sean Walsh is liable for all damages owed to EKI for Hyperblock LLC's breach of contract.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Energy Keepers, Inc. requests:

1.   An order declaring that Hyperblock LLC breached its electric power services contract with EKI;

2.   An order declaring that EKI is entitled to payment for the power delivered to Hyperblock LLC between February 1, 2020 and May 14, 2020, and is entitled to direct actual damages as a result of Hyperblock LLC's breach, plus interest;

3.   An order declaring that Project Spokane LLC is the alter ego of Hyperblock LLC with respect to the amounts owed to EKI under the MESA;

4.   An order declaring that Sean Walsh is the alter ego of Hyperblock LLC and Project Spokane LLC with respect to the amounts owed to EKI under the MESA;

5.   Judgment against Hyperblock LLC, Project Spokane LLC, and Sean Walsh in the amount of $3,691,604.12, plus daily interest accruing at 5.25% each day after May 22, 2020;

6.      An order awarding costs, fees, and attorneys' fees to the extent permitted by law; and

7.      Any other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED THIS 28th DAY OF MAY, 2020

Daniel F. Decker, MT Bar No. 2217
General Counsel
Energy Keepers, Inc.
110 Main Street #304
Polson, MT 59860
Email: dan.decker@energykeepersinc.com
Ph: 406-883-1113

Matthew A. Love, WA Bar No. 28251
(*pro hac vice forthcoming*)
Sophia Amberson, WA Bar No. 52528
(*pro hac vice forthcoming*)
**VAN NESS FELDMAN LLP**
Millennium Tower
719 2nd Avenue
Seattle, WA 98104
Email: mal@vnf.com
Ph: 206-623-9372
Fax: 206-623-4986

Anne E. Lynch, DC Bar No. 976226
(*pro hac vice forthcoming*)
**VAN NESS FELDMAN LLP**
1050 Thomas Jefferson Street NW
Seventh Floor
Washington, DC 20007
Email: alynch@vnf.com
Ph: 202-298-1800
Fax: 202-338-2416

**VERIFICATION**

I, Brian E. Lipscomb, declare as follows:

1.   I am the Chief Executive Officer of Energy Keepers, Inc. ("EKI"), the Plaintiff in this action.

2.   I have personal knowledge of the relationship and interactions between EKI and Project Spokane LLC and of the relationship and interactions between EKI and Hyperblock LLC described in the Complaint, and if called to testify I would competently testify as to the matters stated herein.

3.   I have personal knowledge of the Master Electric Sales Agreement, the Confirmation Letters, the invoices sent to Hyperblock LLC, and the other communications between EKI and Hyperblock LLC, and if called to testify I would competently testify as to the matters stated herein.

4.   I have reviewed all allegations set forth in this Complaint and verify that, to the best of my knowledge, the matters stated in the Complaint are true and correct.

Executed this 27th day of May, 2020

Brian E. Lipscomb, CEO, EKI