IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Sxʷnq̓ʔels l Suẁečm / Ksuk̓ɫiɫmumaɫ ʼA·k̓aɫmukwaʼits, Incorporated, d/b/a Energy Keepers, Incorporated, *a federal corporation wholly owned by the Confederated Salish and Kootenai Tribes*,<br><br>Plaintiff,<br><br>v.<br><br>HYPERBLOCK LLC, et al.,<br><br>Defendants. | CV 20–76–M–DWM<br><br><br>ORDER |

This suit arises out of an agreement for the sale of electric power to a cryptocurrency operation in Bonner, Montana. Sxʷnq̓ʔels l Suẁečm/Ksuk̓ɫiɫmumaɫ ʼA·k̓aɫmukwaʼits, Incorporated, d/b/a Energy Keepers, Incorporated ("Energy Keepers"), the electricity provider, claims that Project Spokane LLC, the cryptocurrency company, owes it $3,691,604.12 plus interest under the contract. Energy Keepers also claims that Sean Walsh and Hyperblock LLC are liable as alter egos of Project Spokane.[1] On May 27, 2020, Energy Keepers filed this

---

[1] At times, Energy Keepers suggests that Hyperblock LLC is a party to the contract. (*See, e.g.*, Doc. 6 at ¶ 40.) However, Project Spokane is the only defendant who signed the contract. (Doc. 6-1.)

1

breach of contract suit, (Docs. 1, 6), along with a motion for a temporary restraining order and preliminary injunction prohibiting Project Spokane, Walsh, and Hyperblock LLC from transferring any assets pending resolution of this action, (Docs. 3, 8). Specifically, Energy Keepers seeks to bar the public sale of the cryptocurrency operation's assets planned for June 3, 2020. (Doc. 9 at 34.)

The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant must show a likelihood of success on the merits, a likelihood of irreparable injury, that the balance of equities favors preliminary relief, and that preliminary relief is in the public interest. *See Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). However, Rule 65 imposes two additional requirements. Specifically,

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "[C]ircumstances justifying the issuance of an ex parte order are extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

2

Energy Keepers has not met either requirement for ex parte relief. First, Energy Keepers has not shown with specific facts that it will suffer "immediate and irreparable injury, loss, or damage" absent a temporary restraining order. Fed. R. Civ. P. 65(b)(1)(A). The Verified Amended Complaint details a history of self-dealing transactions among the defendants and related entities. (Doc. 6 at ¶¶ 28–39); *see also* attached chart. However, it does not explain how such transactions will hinder Energy Keepers' ability to collect money damages in the future. The defendants will either collect money from the sale of the assets or retain the assets. Further, preliminary relief barring the transfer of assets is disfavored in cases for money damages that do not involve a lien or equitable interest. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Though Energy Keepers asserts that its alter ego claims are equitable in nature, (Doc. 9 at 32–33), it only seeks monetary damages.

Second, Energy Keepers' certification of its efforts to give notice and its explanation of why notice should not be required are insufficient. Fed. R. Civ. P. 65(b)(1)(B). Attorney Anne Lynch explained that Energy Keepers "has not yet provided or attempted to notify Defendants . . . of the Motion for Temporary Restraining Order and Preliminary Injunction." (Doc. 9-2 at ¶ 3.) Instead, Lynch explains that Energy Keepers "will make best efforts to provide notice," including by hiring a process server and sending the materials via U.S. mail. (*Id.* at ¶ 5.)

Further, Lynch's explanation for why notice is not required is limited to the following statement:

> Notice to Defendants of the Motion should not be required as Defendants have, and continue to ignore, Plaintiff's attempts to recover the money that is owed to them. Given Defendants' course of conduct, I believe that if notice is given to Defendants, they will attempt to conceal or transfer their assets.

(*Id.* at ¶ 4.) But an applicant must provide more than conclusory statements that a temporary restraining order is necessary. *See Reno Air Racing Ass'n, Inc*, 452 F.3d at 1132. While Energy Keepers may ultimately prevail on its motion for a preliminary injunction, it is not entitled to a temporary restraining order.

Accordingly, IT IS ORDERED that Energy Keepers' motion (Doc. 8) is DENIED insofar as it seeks a temporary restraining order.

IT IS FURTHER ORDERED that, to facilitate a prompt ruling on the motion for preliminary injunction, Energy Keepers shall serve the defendants with the Verified Amended Complaint (Doc. 6) and Summons (Doc. 10), as well as the motion (Doc. 8) and supporting documents (Doc. 9) within ten days of the date of this Order. An expedited briefing schedule and hearing will be set by separate order after the defendants have appeared.

DATED this 29th day of May, 2020.

13:24 P.M.

Donald W. Molloy, District Judge
United States District Court

4