IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| Sxʷnq̓ʔels l Suẇečm / Ksukłiłmumał ʼA·k̓ałmukwaʼits, Incorporated, d/b/a Energy Keepers, Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>HYPERBLOCK LLC, et al.,<br><br>Defendants. | CV 20–76–M–DWM<br><br>ORDER |

This suit arises out of an agreement for the sale of electric power to a cryptocurrency operation in Bonner, Montana. In July 2016, Sxʷnq̓ʔels l Suẇečm/Ksukłiłmumał ʼA·k̓ałmukwaʼits, Inc., d/b/a Energy Keepers, Inc. ("Energy Keepers") contracted to sell electricity to power Project Spokane LLC's cryptocurrency mine. (Doc. 6 at ¶ 8; Doc. 6-1.) In July 2018, Project Spokane assigned the contract to Hyperblock LLC, with Energy Keepers' consent. (Doc. 6 at ¶ 34; Doc. 9-1 at 55–56.) Hyperblock LLC stopped paying for electricity in February 2020. (Doc. 6 at ¶¶ 40, 41, 43, 44, 47.) In May, Energy Keepers discontinued service and terminated the contract. (Id. at ¶¶ 45, 46, 48.)

Energy Keepers claims that Hyperblock LLC owes it $3,691,604.12 plus interest under the contract. (Id. at ¶ 48.) Energy Keepers also claims that Project

1

Spokane and its sole member Sean Walsh are liable as alter egos of Hyperblock LLC. On May 27, 2020, Energy Keepers filed this breach of contract suit, (Docs. 1, 6), along with a motion for a temporary restraining order and preliminary injunction prohibiting Project Spokane, Walsh, and Hyperblock LLC from transferring any assets pending resolution of this action, (Docs. 3, 8). Specifically, Energy Keepers sought to bar the public sale of the cryptocurrency operation's assets planned for June 3, 2020. (Doc. 9 at 34; Doc. 9-2.)

On May 29, 2020, the Court denied the motion for a temporary restraining order because Energy Keepers had not shown that it would suffer immediate and irreparable injury and had failed to adequately explain why notice should not be required. (Doc. 11.) However, the Court indicated it would promptly consider the motion for preliminary injunction. (*Id.* at 4.) Project Spokane and Walsh (collectively "Project Spokane") filed their response brief on June 15, 2020. (Doc. 28.) Hyperblock LLC has yet to appear. A hearing was held June 25, 2020. (Doc. 21.) For the following reasons, the motion is denied.

## ANALYSIS

A district court's power to grant injunctive relief derives from traditional principles of equity jurisdiction. *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999). In *Grupo Mexicano*, the Supreme Court held that, in actions for money damages, district courts have no authority to

2

enjoin defendants from disposing of their assets when the plaintiff has no lien or equitable interest at stake. *Id.* at 310, 333. However, the prohibition only applies in cases seeking exclusively money damages. *See Johnson v. Couturier*, 572 F.3d 1067, 1083–84 (9th Cir. 2009); *In re Focus Media Inc.*, 387 F.3d 1077, 1084–85 (9th Cir. 2004).

Here, Energy Keepers alleges only breach of contract claims and seeks only money damages. (Doc. 6 at ¶¶ 52–94.) Nonetheless, Energy Keepers argues that its claims are equitable in nature because they are premised on an alter ego theory of liability. It bases this argument on the Montana Supreme Court's description that "[p]iercing the corporate veil *is an equitable remedy* used to curb injustices resulting from the improper use of a corporate entity." *Hando v. PPG Indus., Inc.*, 771 P.2d 956, 960 (Mont. 1989) (emphasis added). However, the state court's characterization is not dispositive of the Court's power to issue a preliminary injunction. *See Sonner v. Premier Nutrition Corp.*, __ F.3d __, 2020 WL 3263043, at *4 (9th Cir. June 17, 2020) ("[A] federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law.")

Although alter ego doctrine has roots in both law and equity, an alter ego lawsuit is legal in nature where, as here, the plaintiff seeks only money damages. *Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 136

3

(2d Cir. 1991); *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 389 (S.D.N.Y. 2003). That is because the alter ego doctrine is not an independent cause of action but merely a means of imposing liability. *Five Points Hotel P'ship v. Pinsonneault*, 697 F. App'x 549, 550 (9th Cir. 2017). Accordingly, it does not transform the nature of a case from legal to equitable. *United States ex rel. Bibby v. Mortg. Inv'rs Corp.*, No. 1:12-CV-4020-AT, 2017 WL 8218294, at *12 (N.D. Ga. Sept. 8, 2017); *RBS Citizens, NA v. M-59 Tel. Petroleum LLC*, No. 2:12-cv-11193, 2013 WL 508324, at *2 (E.D. Mich. Feb. 12, 2013); *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 5:09-cv-1575, 2010 WL 3941824, at *7–8 (N.D. Ohio Sept. 14, 2010).

Nor does state law authorize the Court to issue the injunction. Federal courts sitting in diversity apply federal procedural law and state substantive law. *Sonner*, 2020 WL 3263043, at *3. Law is classified as "substantive" if it is outcome-determinative. *Id.* This principle has been applied to disallow "a party suing in diversity to obtain an injunction if state law clearly rejects the availability of that remedy." *Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988). *Sims* instructs that state law may prohibit an injunction where the issue is outcome determinative. However, the converse is not true. Indeed, "[i]t has been a fundamental principle for well over a century that state law cannot expand or limit a federal court's equitable authority." *Sonner*, 2020 WL 3263043, at *4. In

4

any event, the injunction here is not outcome determinative. Contrary to Energy Keepers' position, Montana's broad allowance of preliminary injunctions, *see* Mont. Code Ann. § 27-19-201, has no bearing on this case.

## CONCLUSION

IT IS ORDERED that Energy Keepers' motion for preliminary injunction (Doc. 8) is DENIED.

DATED this 25th day of June, 2020.

12:05 P.M.

Donald W. Molloy, District Judge
United States District Court