IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| Sxʷnq̓ʔels l Suẁečm / Ksukⱡiⱡmumaⱡ ʾA·k̓aⱡmukwaʾits, Incorporated, d/b/a Energy Keepers, Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>HYPERBLOCK LLC, et al.,<br><br>Defendants. | CV 20–76–M–DWM<br><br>ORDER ON MOTION TO STRIKE |

Energy Keepers seeks to strike documents that were not timely disclosed under Federal Rule of Civil Procedure 37(c).  (Doc. 87.)  For the reasons explained below, the motion is granted in part and denied in part.

The discovery deadline in this matter was December 4, 2020.  (Doc. 53 at ¶ 1.)  The parties agree that Defendants produced some 12,000 pages of electronic discovery within the schedule set by the Court.  (Doc. 92 at 2; *but see* Doc. 100 at 5–6 (noting that "at least 8,414 pages were documents that appear to have originated from sources *other* than Mr. Walsh's files").)  On January 4, 2021, Defendants notified Energy Keepers of additional documents "recently discovered by Mr. Walsh."  (Doc. 88-1 at 2.)

The disclosure included exhibits CC1 through CC6 (collectively "the Documents"), all of which predate the close of discovery.  The Documents

1

contradict ¶ 40 of the parties' statement of stipulated facts, where Walsh testified

that he did not document $2 million-worth of transfers from himself to Hyperblock

Inc., Hyperblock LLC's parent company. (Doc. 54.) Energy Keepers relied on the

stipulation in its summary judgment motion to support its arguments that Walsh

commingled funds with Hyperblock LLC. (Doc. 65 at 26.) Energy Keepers now

asks the Court to exclude the Documents and sanction Defendants.

## I.  Timely Disclosure

Under Rule 37(c)(1), a party is barred from using information "to supply

evidence on a motion, at a hearing, or at a trial" when such information was not

disclosed in accordance with Rule 26(a) or (e). Rule 26(a)(1)(A)(ii) provides that a

party must disclose all documents "that the disclosing party has in its possession,

custody, or control and may use to support its claims or defenses, unless the use

would be solely for impeachment." Rule 26(e) requires that a party timely

"supplement or correct" a Rule 26(a) disclosure if the party learns that its response

was "incomplete or incorrect."

Here, Defendants first argue that their late disclosure complies with Rule

26(e). They are incorrect. "[A] party cannot use untimely supplementation under

Rule 26(e) to provide information, reasoning, or opinions that 'Rule 26 requires be

disclosed in the critical initial disclosure.'" *Guinnane v. Dobbins*, 2020 WL

4696809, at *4 (D. Mont. Aug. 13, 2020) (citation omitted). All the Documents

predate discovery.  (Doc. 87-1 at 2; *see also* Doc. 84-8 at 7, 18, 22, 24 (2019); *id.* at 49 (2020).)  Thus, Defendants should have initially disclosed them under Rule 26(a), and they cannot now attempt to inject this information into the record under the guise of a "supplement."  *See Guinnane*, 2020 WL 4696809, at *4.

## II.    Substantial justification or harmlessness

Alternatively, Defendants argue that their failure to timely disclose the Documents was justified and harmless so as to avoid any sanctions under Rule 37(c).  A party may avoid the general rule of exclusion of late-disclosed materials through Rule 37(c)(1), which excuses late disclosure if it "was substantially justified or is harmless."  Defendants bear the burden of proving that the late disclosure was substantially justified and harmless.  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).  The Court considers five factors to determine whether the late disclosure was substantially justified or harmless: (1) the public's interest in expeditious resolution of litigation; (2) docket management; (3) the risks of prejudice to the non-disclosing party; (4) public policy favors disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

The first factor weighs in favor of Energy Keepers' request for exclusion. "Requiring the parties to comply with the Rules of Civil Procedure and with the court's scheduling order promotes" the public's and the parties' interest in

expeditious resolution of litigation. *Id.* at 642. Additionally, Defendants do not

meet the Rule 16(b)(4) "good cause" requirements to amend the scheduling order.

The good cause standard focuses on the diligence of the party seeking amendment,

and "carelessness is not compatible with a finding of diligence and offers no reason

for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609

(9th Cir. 1992). The record indicates that most of Defendants' produced

documents came from sources other than Walsh, undercutting the argument that

Walsh's diligence supports a finding of good cause.

Defendants' post hoc request for amendment also implicates the second

factor: this Court's need to manage its docket. A schedule has been set in this case

since August 2020. (*See* Doc. 53 at ¶ 1.) COVID-19 has challenged the Court's

ability to process cases, maintain its trial schedule, and fulfill its obligations under

Federal Rule of Civil Procedure 1. As such, there are enough obstacles to

resolving this case without providing allowances for Defendants' late disclosure.

Energy Keepers can show prejudice on the third factor. In its motion for

summary judgment, Energy Keepers relied heavily on the fact that Walsh did not

document his $2 million loan to Hyperblock Inc. (*See* Doc. 65 at 25–27.) But the

fourth factor counsels against total exclusion of the Documents because "[p]ublic

policy favors disposition of cases on their merits," *Keener*, 181 F.R.D. at 642, and

the Documents are relevant to the parties' claims. This sole factor does not,

however, excuse Defendants' failure to comply with their disclosure obligations.

Ultimately, Defendants have not shown that this disclosure was either substantially justified or harmless, and it is their burden to do so.  Consequently, sanctions are appropriate.  Sanctions may include total exclusion of the Documents, *see Giard v. Burlington N. Santa Fe Ry. Co.*, 2014 WL 37687, at *5 (D. Mont. Jan. 6, 2014), but the fifth Rule 37 factor requires the Court consider the appropriateness of a less severe sanction.  Because the Documents are relevant to the parties' claims and because there is still time before trial, the Documents will not be completely excluded.  Accordingly,

IT IS ORDERED that Energy Keepers' motion to strike is GRANTED IN PART and DENIED IN PART.  It is GRANTED insofar as the Documents will not be considered for purposes of summary judgment.  It is DENIED insofar as the Documents may be considered at trial provided the following conditions are met: (1) Energy Keepers must have the opportunity to depose Walsh about the Documents; (2) the deposition shall occur at Energy Keepers' convenience and at Defendants' expense, including costs; and (3) the jury shall receive an adverse inference instruction regarding the Documents at trial.

DATED this 26th day of February, 2021.

Donald W. Molloy, District Judge
United States District Court

5